FILED
2012 May-10  PM 03:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **KEVIN HENDRIX, et al.,** | } | |
| | } | |
| **Plaintiffs,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:11-CV-02873-RDP** |
| | } | |
| **PECO FOODS, INC., et al.,** | } | |
| | } | |
| **Defendant.** | } | |

## ORDER APPROVING SETTLEMENT

This matter is before the court on the parties' Joint Motion to Approve Settlement (Doc. # 23), filed May 09, 2012.  The parties request an order from the court (1) approving the Settlement Agreement; (2) certifying the FLSA collective action pursuant to 29 U.S.C. § 216(b) for purposes of settlement on behalf of members of the live haul catch crews employed by Peco Foods, Inc. at its facilities in Gordo, Alabama and Bay Springs, Philadelphia, and Sebastopol, Mississippi, as members of live haul crews, who worked more than forty (40) hours in any workweek during the time period from August 17, 2009 and May 7, 2012 (the date of the execution of the Settlement Agreement); and (3) approving the FLSA Notice and Claim and Opt-In Form to be sent to all members of the live haul catch crews, who are all potential Opt-In Plaintiffs, so that they can receive notice of and participate in the Settlement.  (Doc. # 24 at 3).

The court has a duty to scrutinize the proposed settlement for fairness.  *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982).  The court finds that the parties have reached an agreement based on a negotiated, good faith compromise of a *bona fide* dispute of back wages under the FLSA.  Furthermore, the court finds that the agreement reflects a fair and reasonable resolution

of the dispute between the parties.  Accordingly, the Joint Motion for Approval of Settlement Agreement (Doc. # 2)  is **GRANTED**.

The court hereby **ORDERS** that:

1.     The proposed Settlement Agreement is hereby **APPROVED**;

2.     The collective action, as described above and in the Joint Motion, is **CERTIFIED**;

3.      The FLSA Notice (Doc. # 24-1 at 15-18) and Claim and Opt-In Form (Doc. # 24-1 at 20-21) to be sent to all potential Opt-In Plaintiffs, as described above, is **APPROVED**;

4.     The parties are **DIRECTED** to send out the Notice and Claim and Opt-In Forms in the manner and within the dates and times set out in the Settlement Agreement; and

5.     **Within forty-five (45) days after the end of the sixty (60) day Claims Submission Period**, as defined in the Settlement Agreement, Plaintiff's Counsel **SHALL** file a report with the court setting forth the status of the settlement, including (1) an exhibit attached that will be a final list of all opt-ins which shall also constitute a complete list of Plaintiffs in this case (all of whose claims are to be released), and (2) a copy of the signed Settlement Agreement.

Once Plaintiff's Counsel files its report with the court and there are no other issues for the court to address, the court will dismiss this case with prejudice.

DONE and **ORDERED** this _____10th_____ day of May, 2012.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

2